Russel, J.,
without hearing farther argument, overruled the ■objections to the writ, and directed the inquiry and examination to proceed.
The examination was then had; and by the counsel for the estate it was insisted that the interest of W. B. in the real ■estate could not be seized: it produced no rent, and was neither lands nor tenements.
On behalf of the commissioners, it was urged that the statute authorizes the seizure of “ lands and tenements,” and the applications of rents if my. Suppose the estate to be houses and lots hot yet occupied, or tenantless, the commissioners would have a right to seize and hold these, and even rent them ; and by the same right, they have the power to hold the estate of the defendant seized by them.
Again. The estate of the defendant is clearly within the common law definition of “ lands and tenements.” Lands “ comprehendeth in its legal signification any ground, or soil, or earth whatsoever, also houses md buildings ” (2 Bl. Com,., 17, 18; 3 Kent, 401). A tenement comprises everything that may be holden (3 Kent, 401). It is a word of greater extent than land : it includes not only lands, but rents, commons, and several .other rights issuing out of or concerning land (2 Bl. Com., 17, 18 ; 3 Kent, 401; 1 Steph., 158-9).
Again. The defendant does not pretend that a vested remainder cannot be holden, or that he does not hold the fee of the real estate, subject to the life estate of his mother. Again. *87 The statute is not punitive, but intended to indemnify the city against loss by reason of the supporting of persons who ought to be cared for by individuals, by the seizure of that individual’s property, and the devotion of the proceeds, or such part as shall be necessary, arising from the sale of personal,' and the rents, if any, arising from the real estate—to the support of the depend-ants.
Russel, City Judge.
This case comes before the court on an application under the statute (1 Rev. Stat., Edmond’s ed., 9, 10), to confirm the warrant and seizure of the justice, on the application of the commissioners of public charities and correction, against the estate of W. B., who had absconded from his wife, leaving her chargeable, or likely to become éhargeable, upon the public for support.
The commissioners, in their return to the court, report that under and by virtue of the warrant issued by one of the police justices in the city of New York, they have taken and seized the interest of the said W. B., in certain real estate in the city of New York.
In inquiring into the facts and circumstances of the case, it appears that the said W. B. has an interest in the real estate of which his father died seized, after the death of his mother, to whom, by the terms of his father’s will, it is given, with the rents, profits and increase during her life, and after her death it is to be divided equally among nine children.
By the terms of the will, the said W. B., should he survive his mother, would be entitled to one ninth of the property;— should he not, it is directed that his children take his portion. Therefore, there being no personal estate seized, and only the estate dependent on the life of another, and there being no rents and profits coming to the said B. from the estate which can be applied towards the maintenance of his wife, the warrant and seizures are discharged.